UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RICHARD GALLEGOS, JR.                          CIVIL ACTION

VERSUS                                         NUMBER: 07-9494

SLIDELL POLICE OFFICERS                        SECTION: "J"(5)
JOHN DOE 1, ET AL.


                    **REPORT AND RECOMMENDATION**


     This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Richard Gallegos, Jr., against defendants, two "John Doe" officers of the Slidell Police Department.

     Plaintiff is an inmate of the St. Tammany Parish Jail, Covington, Louisiana. He alleges that on November 27, 2006, the two unnamed defendants effected a warrantless arrest of himself by entering, without consent, the sliding glass door of his girlfriend's house late at night. Plaintiff seeks monetary damages.

     Although 42 U.S.C. §1983 proscribes the violation of an individual's constitutional rights by a person acting under color

of state law, Rule 17 of the Federal Rules of Civil Procedure dictates that the defendant in such an action be some real, identifiable person who can be cast in judgment and not simply some fictiously-named individual whose identify is not known and who cannot even be served.  Accordingly, it will be recommended that, unless plaintiff amends his complaint to specifically identify the officers who allegedly violated his constitutional rights, that his lawsuit against the "John Doe" officers be dismissed without prejudice.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's lawsuit be dismissed without prejudice unless, within twenty (20) days of today's date, he amends his complaint to specifically identify the "John Doe" officers who allegedly violated his constitutional rights.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v.</u>

United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  11th  day of ____January____, 2008.

                                                       *Alma L. Chasez*
                                   UNITED STATES MAGISTRATE JUDGE