UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD GALLEGOS, JR.                          CIVIL ACTION

VERSUS                                         NUMBER: 07-9494

SLIDELL POLICE OFFICERS                        SECTION: "J"(5)
JOHN DOE 1, ET AL.

**REPORT AND RECOMMENDATION**

This prisoner civil rights proceeding under 42 U.S.C. §1983 is once again before the Court pursuant to a remand by the United States Court of Appeals for the Fifth Circuit, Gallegos v. Slidell Police Department, 2008 WL 5381511 (5th Cir. 2002)(unpublished opinion), and an order of reference from the District Judge. (Rec. doc. 20).

As noted, by order dated February 4, 2009 ("order of reference"), the District Judge referred the above-captioned matter back to the undersigned for further proceedings in light of the remand by the Fifth Circuit. (Rec. doc. 20). A copy of the order of reference was mailed to plaintiff at his address of record, the St. Tammany Parish Jail ("STPJ"), but was subsequently returned to

the Court on February 20, 2009 with a notation that plaintiff was no longer housed there. (Rec. doc. 22).  Following the issuance of the order of reference, on February 10, 2009, the Court issued an order ("briefing order") directing plaintiff to file in the record of this proceeding, on or before March 10, 2009, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses. (Rec. doc. 21).  Just like the order of reference, the copy of the briefing order that was mailed to plaintiff at STPJ was also returned to the Court as undeliverable with a notation that plaintiff was no longer incarcerated there. (Rec. doc. 23).  Around this time, a phone call from the undersigned's staff to STPJ confirmed that plaintiff had been released from that facility on May 13, 2008.  It has now been over thirty days since copies of the order of reference and briefing order were returned to the Court.  The Court's briefing order remains unsatisfied to date.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change."  Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no

2

correction is made to the address for a period of 30 days." The foregoing rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden. See Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), cert. denied, ___, U.S. ___, 128 S.Ct. 1479 (2008); Thomas v. Parker, 2008 WL 782547 (E.D. La. 2008)(Barbier, J.); Batiste v. Gusman, 2007 WL 1852026 (E.D. La. 2007)(Barbier, J.). The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."[1]/ Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E. Plaintiff acknowledged his obligation in that regard when

---

[1]/ While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

he signed his complaint, the sixth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 6). Plaintiff has also failed to provide the Court with the information requested in the briefing order. The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __30__ day of ____March____, 2009.

                                                                                          _____
                                                                                            ALMA L. CHASEZ
                                                UNITED STATES MAGISTRATE JUDGE